**In re SUESS PATENT INFRINGEMENT LITIGATION.**

**KAISER INDUSTRIES CORPORATION et al., Plaintiffs,**

**v.**

**JONES AND LAUGHLIN STEEL CORPORATION, Defendant, three cases.**

**Misc. No. 5289, M.D.L. Docket No. 74, Civ. A. Nos. 61–551, 62–272 and 74–217.**

United States District Court, W. D. Pennsylvania.

Dec. 13, 1979.

---

William H. Webb, David C. Bruening, Pittsburgh, Pa., for plaintiffs.

Walter J. Blenko, Jr., Pittsburgh, Pa., for defendant.

## MEMORANDUM

ROSENBERG, District Judge.

AND, NOW TO–WIT, this 13th day of December 1979, these matters are before me by reason of two trunk cases filed on September 18, 1961 and April 6, 1962, respectively, and by reason of a series of actions assigned to me by the Multidistrict Litigation Panel from various parts of the United States, in which these suits had been entered. Such cases were assigned to me in accordance with law for the purpose of providing common and consistent processes as such may be applicable to all for pretrial purposes.

The above entitled actions and transferee cases involve a patent granted by the United States Patent Office on July 23, 1957, and known as the Suess et al. Patent, which expired on July 23, 1974. It is based upon the process of using pure oxygen on hot molten iron instead of using any kind of fuel to generate heat. It was developed in Austria and in the words of a Judge for the United States District Court for Eastern District of Michigan was a "revolutionary" discovery. These cases result because of a licensing arrangement between the plaintiff and the defendant at the Aliquippa plant on February 4, 1956 and as the same was subsequently used in Cleveland. The actions relate to charges of infringement of the patent and breach in the one case of a contract.

The actions were originally filed in the United States District Court in Cleveland and subsequently transferred to the Court and eventually assigned to me for administration and determination. The two cases were consolidated for trial which extended over a substantial period of time, both in pretrial discovery and trial time. This court's finding of a valid patent was reversed by the Court of Appeals for the Third Circuit on the doctrine of collateral estoppel which was announced by the Supreme Court as permitting a patentee to bring but a single action on the patent with certain exceptions.

A series of additional actions were brought in various parts of the United States, all of which having come before me have been finally settled. The additional action in 1974 was filed after the plaintiff charged the defendant with installing a new L–D plant in Aliquippa but that action was held in abeyance pending disposition of the other two trunk cases.

After assignment of these cases, this Court functioning with counsel for the various parties was enabled to approve a series of stipulations by which all the transferee cases were finally settled and terminated. The original transferor courts as of the time of the termination of each of these cases were so notified and such cases terminated in their original jurisdictions.

As of now the two trunk cases in the above entitled cases have this date been finally settled and dismissed. This Court commends the parties and their counsel in their earnest endeavor and patience in attempting to arrive at a settlement and dismissal of the cases. This Court is aware of the many difficulties involved in such processing by the parties and their counsel, because of the competitiveness of the steel industry world-wide, and because of the new scientific developments as these relate to matters patent and without which our economy could not function basically.

The stipulations of dismissal will be approved.